UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW YORK MEDIA LLC,<br>a Delaware limited liability company,<br><br>                                Plaintiff,<br><br>    v.<br><br>CUT LLC,<br>a Delaware limited liability company,<br><br>                                Defendant. | NO.: 2:15-cv-1214<br><br>**COMPLAINT** |

Plaintiff, New York Media LLC ("New York Media" or "Plaintiff"), by its undersigned counsel, alleges:

**ALLEGATIONS APPLICABLE TO ALL CLAIMS**

1.    This is a complaint for an injunction, damages, and other appropriate relief to stop Defendant Cut LLC from infringing New York Media's trademarks by using a mark that is confusingly similar to New York Media's trademarks, and by using this mark in bad faith to profit from the good-will associated with New York Media and its trademarks. By this action, New York Media asserts violations of § 32 of the Lanham Act, 15 U.S.C. § 1114 (Trademark Infringement), §43 of the Lanham Act, 15 U.S.C. § 1125 (False Designation of Origin and

COMPLAINT - 1
CASE NO.: 2:15-cv-1214

Kelley, Goldfarb,
Huck & Roth, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

Trademark Dilution), trademark and unfair competition common law, and the Washington Consumer Protection Act, Chapter 19.86 RCW.

## THE PARTIES

2. Plaintiff, New York Media LLC, is a Delaware limited liability company, having its executive offices and place of business at 75 Varick Street, 4th Floor, New York, New York 10013.

3. Upon information and belief, defendant, Cut LLC ("Cut" or "Defendant"), is a Delaware limited liability company, having its principal office and place of business at 1525 4th Avenue, Suite 700, Seattle, Washington, 98101.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act relating to trademark infringement, false designation of origin, and dilution pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Upon information and belief, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest, fees and costs, and complete diversity exists between New York Media and Defendant.

5. This Court has supplemental jurisdiction over the claims in this Complaint arising under state common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

COMPLAINT - 2
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

7. Defendant is subject to the personal jurisdiction of this Court because Defendant is transacting and doing business in this judicial district and the events giving rise to the claims at issue substantially occurred in this district.

## FACTS

New York Media's Brands

8. New York Media owns and publishes *New York* magazine and the websites *nymag.com*, *vulture.com*, *grubstreet.com*, *scienceofus.com*, and *thecut.com*.

9. Since publication of *New York* magazine began in 1968, New York Media has earned worldwide renown as a trailblazer in the field of lifestyle journalism. *New York* magazine covers and comments on news, culture, entertainment, lifestyle, fashion, and personalities for a New York and international audience.

10. *New York* magazine has received extensive acclaim from its readers and journalistic peers. The publication has been consistently honored for its excellence by the National Magazine Awards, winning three awards in 2015, three awards in 2014, and the coveted Magazine of the Year award in 2013.

11. New York Media was among the first traditional print publishers to successfully launch and brand an innovative online presence in the form of topical blogs and websites. New York Media's internet portfolio includes *thecut.com* ("The Cut"), which focuses on the topics of women's lifestyle, fashion, and beauty through a lens of intelligence, sophistication, and humor.

12. The Cut has become a global destination that combines the beauty of a high-end fashion magazine with the dynamic energy and immediacy of the internet. The website averages over 8.6 million viewers per month.

COMPLAINT - 3
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

New York Media's Intellectual Property

13. The New York Media brand encompasses several different trademarks for The Cut's beauty, fashion, and women's lifestyle-related content, including those listed below (together, the "THE CUT Trademarks"), each of which is owned by New York Media:

- U.S. Trademark Registration No. 3,760,960 effective March 16, 2010 for the word mark "THE CUT" for blogs and online journals featuring content regarding fashion.

- U.S. Trademark Registration No. 4,682,234 effective February 3, 2015 for the word mark "THE CUT" for the organization for promotional events related to fashion, including fashion shows.

- U.S. Trademark Registration No. 4,722,777 effective April 21, 2015 for the word mark "THE CUT" for magazine columns featuring news and commentary relating to fashion, beauty, culture, and women's lifestyle.

- U.S. Trademark Registration No. 4,722,778 effective April 21, 2015 for the word mark "THE CUT" for computer application software for mobile devices, namely, software for viewing content regarding fashion, beauty, culture and women's lifestyle.

- U.S. Trademark Registration No. 4,722,781 effective April 21, 2015 for the word mark "THE CUT" for entertainment services, including providing a website featuring news, commentary, and photography relating to fashion, beauty, and women's lifestyle.

14. These registrations and the trademark registered are valid and subsisting.

The Goodwill and Fame of the THE CUT Trademarks

15. New York Media has extensively advertised and promoted the THE CUT Trademarks.

16. As set forth above, New York Media has also been an important innovator in print and online journalism.

17. New York Media takes great care and applies the highest level of professional skill in the creation of content for *New York* magazine and its online portfolio, including The Cut.

COMPLAINT - 4
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

18. New York Media has invested millions of dollars over the years in marketing, promoting, and advertising the THE CUT Trademarks, which have been in use by New York Media in connection with fashion, beauty, culture, and women's lifestyle content since as early as 2006. The THE CUT Trademarks primarily serve as a designator of the source of information originating from and/or associated with New York Media.

19. As a result of the foregoing, New York Media has established an internationally-recognized brand and a reputation for the high quality of journalism produced under or in connection with its trademarks, including the THE CUT Trademarks. The THE CUT Trademarks are inherently distinctive, and have acquired secondary meaning and invaluable goodwill in this district, the United States, and around the world.

20. THE CUT has about 3 million followers on social media sites. There have been over 230,000 subscribers to THE CUT's newsletter. In 2013, THE CUT was awarded a Gold Medal for Website Design from the Society of Publication Designers.

Defendant's Infringement of the THE CUT Trademarks

21. Upon information and belief, Defendant is a video production company that creates content for distribution on its website and via various social media websites, including YouTube, Twitter, and Facebook.

22. Long after New York Media adopted and commenced using the THE CUT Trademarks in commerce (and obtained a federal registration for that trademark for blogs and online journals featuring content regarding fashion and beauty), Defendant commenced publishing content on the internet associating that content with the word "CUT" (the "CUT" mark) and cut.com in a manner that has caused, is causing, and is likely to continue to cause

COMPLAINT - 5
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

reasonably prudent consumers to believe that Defendant's content is somehow associated with or sponsored by New York Media.

23. Specifically, Defendant is advertising, marketing, distributing, and associating its content with the CUT mark.  Among the content in connection with which Defendant uses the CUT mark as a source identifier is an online video series titled "100 Years of Beauty," which relates to women's fashion, beauty, and culture.

24. Upon information and belief, Defendant began distributing the "100 Years of Beauty" video series under the CUT mark in or about November of 2014, nearly eight years after New York Media began use of the THE CUT Trademarks in commerce.

25. Upon information and belief, Defendant was aware of New York Media's use of the THE CUT Trademarks, including in connection with fashion and beauty content, at the time that it began distributing content, including the "100 Years of Beauty" video series, under the CUT mark

26. Upon information and belief, Defendant's video series, including "100 Years of Beauty," are made available on Defendant's website *cut.com* as well as via social media websites on which it presents content including YouTube, Twitter, and Facebook.

27. Upon information and belief, Defendant competes with New York Media's *thecut.com* for visitors, and the "100 Years of Beauty" video series is marketed to substantially the same viewers as The Cut.

28. Upon information and belief, the scope and demographics of Defendant's target and actual audiences are substantially similar to those of New York Media, and Defendant's use of the CUT mark is confusing, misleading, and deceptive as to the source of its content and is

COMPLAINT - 6
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE:  (206) 452-0260
FAX:  (206) 397-3062

misleading the public to believe that the content has been sponsored, approved, authorized, or licensed by New York Media and will continue to confuse, mislead, and deceive unless enjoined.

29. New York Media is aware of numerous instances in which the "100 Years of Beauty" video series has been actually confused as being associated with New York Media and the THE CUT Trademarks. This confusion includes (i) several well-known and frequented websites associating the "100 Years of Beauty" video series with New York Media's The Cut and even directing readers to *thecut.com*, (ii) media tracking services associating videos from Defendant with New York Media, and (iii) twitter posts associating a video from the "100 Years of Beauty" video series with The Cut and New York Media.

30. New York Media has been vigilant in protecting its trademark rights and has actively sought to correct the misattributions of which it has become aware. New York Media has had to directly contact numerous reputable media websites to correct this actual confusion, including *Elle.com*, *Marie Claire.com*, *HelloGiggles.com*, *Mashable.com*, *Viral Women.com*, and *Bustle.com*.

31. Defendant has neither sought nor received a license from New York Media to authorize Defendant's use of the confusingly similar CUT mark.

32. Defendant has benefitted from the promotion and distribution of content under the confusingly similar CUT mark. In addition to improperly and wrongly associating its content with New York Media and the THE CUT Trademarks, Defendant has, upon information and belief, earned substantial revenues in excess of $75,000 as a result of members of the public viewing the "100 Years of Beauty" video series and other videos and content posted by Defendant under the mistaken belief that the videos and content are sponsored by or otherwise associated with New York Media and The Cut.

COMPLAINT - 7
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

33. New York Media sent Defendant a letter on May 12, 2015 demanding that Defendant cease and desist use of the CUT mark as a source identifier for the "100 Years of Beauty" video series and all other content related to fashion, beauty, and women's lifestyle.

34. Defendant responded to New York Media's letter, but refused to stop using the CUT mark.

35. New York Media's counsel sent further communications to Defendant's counsel demanding that Defendant cease and desist use of the CUT mark as a source identifier for the "100 Years of Beauty" video series and all other content related to fashion, beauty, and women's lifestyle on May 26 and June 22, 2015.

36. Notwithstanding New York Media's repeated demands that Defendant cease and desist from infringing New York Media's THE CUT Trademarks, Defendant continues to infringe New York Media's trademark rights by confusing, misleading, and deceiving the public as to the source and/or sponsorship of the content Defendant distributes with the CUT mark, including installments of the "100 Years of Beauty" video series.

37. Defendant's activities are likely to cause and have already caused confusion, mistake, and deception as to the affiliation, connection, and association of Defendant to New York Media, and as to the origin, sponsorship, or approval of the content distributed by Defendant.

38. These actions and conduct of Defendant have damaged New York Media in an amount to be proven at trial and will, unless restrained, further irreparably impair the value of New York Media's registered marks and the goodwill associated therewith, for which New York Media has no adequate remedy at law.

COMPLAINT - 8
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

# CLAIM I

## REGISTERED TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

39. New York Media repeats and realleges each of the allegations set forth in paragraphs 1 through 38 above.

40. Despite knowledge of New York Media's pre-existing rights, Defendant has used and continues to use the CUT mark in connection with the advertising and distribution of Defendant's content, including installments of the "100 Years of Beauty" video series. Such use has caused, is causing, and will continue to cause confusion, mistake, and deception among consumers.

41. Defendant's actions constitute willful and deliberate infringement of New York Media's THE CUT Trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

42. By virtue of Defendant's wrongful acts and conduct, including trademark infringement, Defendant has received money and profits that it would not have received and/or rightfully would have been received by Plaintiff.

43. Defendant's continued use of the CUT mark in disregard of New York Media's cease and desist letters makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

44. As a direct and proximate result of Defendant's conduct, New York Media has suffered irreparable harm to the valuable THE CUT Trademarks, and other damage in an amount to be proven at trial. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to enhanced damages and/or attorneys' fees and costs. New York Media has no adequate remedy at law that will compensate it for the continued and irreparable harm it will suffer if Defendant's actions are allowed to continue. New York Media thus seeks preliminary and permanent injunctive relief.

COMPLAINT - 9
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

45. Although insufficient to fully remedy the damage suffered by New York Media as a result of Defendant's wrongful conduct, New York Media is also entitled to recover from Defendant all moneys wrongfully received as a result of infringing New York Media's THE CUT Trademarks.

## CLAIM II

### FALSE DESIGNATION OF ORIGIN AND SPONSORSHIP
### 15 U.S.C. § 1125(A)

46. New York Media repeats and realleges each of the allegations set forth in paragraphs 1 through 45 above.

47. Defendant's use of the CUT mark in commerce in connection with the distribution of its content, including the "100 Years of Beauty" video series, was and is a knowing and intentional infringement of New York Media's trademark rights in the THE CUT Trademarks, including in connection with fashion and beauty content.

48. Defendant's use of the CUT mark in commerce in connection with the distribution of its content, including the "100 Years of Beauty" video series, has, is, and will cause confusion, mistake, and deception as to the affiliation, connection, association, or endorsement of Defendant and its content, including the "100 Years of Beauty" video series, with New York Media. Upon information and belief, such confusion will cause Plaintiff to lose viewers and business due to this consumer confusion caused by Defendant, thereby causing loss, damage, and irreparable injury to Plaintiff and the purchasing public.

49. By virtue of Defendant's wrongful acts and conduct, including false designation of origin and sponsorship, Defendant has received money and profits that it would not have received and/or rightfully would have been received by Plaintiff.

COMPLAINT - 10
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

50.     Defendant's actions constitute willful and intentional use, appropriation, and infringement of the THE CUT Trademarks in disregard of New York Media's rights in violation of 15 U.S.C. §1125(a).

51.     As a direct and proximate result of Defendant's conduct, New York Media has suffered irreparable harm to the valuable THE CUT Trademarks, and other damage in an amount to be proven at trial.  Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to enhanced damages and/or attorneys' fees and costs.  New York Media has no adequate remedy at law that will compensate it for the continued and irreparable harm that it will suffer if Defendant's actions are permitted to continue.  New York Media thus seeks preliminary and permanent injunctive relief.

52.     Although insufficient to fully remedy the damage suffered by New York Media as a result of Defendant's wrongful conduct, New York Media is also entitled to recover from Defendant all moneys wrongfully received as a result of its false designation of the origin and sponsorship of its content.

## CLAIM III

### TRADEMARK DILUTION
### 15 U.S.C. § 1125(C)

53.     New York Media repeats and realleges each of the allegations set forth in paragraphs 1 through 52 above.

54.     New York Media has extensively and continuously promoted and used the THE CUT Trademarks in the United States and internationally and the marks have thereby become a famous and well-known symbol of New York Media's fashion, beauty, and women's lifestyle-related content.

COMPLAINT - 11
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

55. Despite knowledge of New York Media's famous trademarks, Defendant used and continues to use in commerce an imitation thereof in connection with the advertisement, promotion, and distribution of its content, including the "100 Years of Beauty" video series.

56. Defendant is making commercial use of the marks that dilutes and is likely to dilute the distinctiveness of New York Media's THE CUT Trademarks by eroding the public's exclusive identification of these famous marks with New York Media and lessening the capacity of the marks to identify and distinguish New York Media's content.

57. Defendant's actions demonstrate a willful intent to trade on the goodwill associated with New York Media's THE CUT Trademarks and dilution of the distinctiveness and value of New York Media's famous THE CUT Trademarks in violation of 15 U.S.C. § 1125(c).

58. As a direct and proximate result of Defendant's conduct, New York Media has suffered irreparable harm to the valuable THE CUT Trademarks, and other damages in an amount to be proven at trial. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to enhanced damages and/or attorneys' fees and costs. New York Media has no adequate remedy at law that will compensate it for the continued and irreparable harm that it will suffer if Defendant's actions are permitted to continue. New York Media thus seeks preliminary and permanent injunctive relief.

## CLAIM IV

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

59. New York Media repeats and realleges each of the allegations set forth in paragraphs 1 through 58 above.

COMPLAINT - 12
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

60. The actions of Defendant described herein constitute common law trademark infringement and unfair competition.

61. As a direct and proximate result of Defendant's conduct, New York Media has suffered irreparable harm to the valuable THE CUT Trademarks, and other damages in an amount to be proven at trial. New York Media has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's actions are allowed to continue. New York Media thus seeks preliminary and permanent injunctive relief.

## CLAIM V

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT
### CHAPTER 19.86 RCW

62. New York Media repeats and realleges each of the allegations set forth in paragraphs 1 through 61 above.

63. Defendant's wrongful acts constitute unfair methods of competition and unfair and deceptive acts and practices occurring in commerce, in violation of the Washington Consumer Protection Act, Chapter 19.86 RCW.

64. Defendant's wrongful acts have caused and are likely to continue to cause confusion, mistake, and deception among consumers and the public, including existing and potential readers of content distributed by New York Media, as to the source, origin, sponsorship, affiliation, and/or quality of content posted by Defendant, thereby both impacting the public interest and injuring New York Media's business and reputation.

65. As a direct and proximate result of the alleged actions of Defendant, Defendant has been unjustly enriched and New York Media has been injured and damaged in an amount to be proven.

COMPLAINT - 13
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

66.     Unless the foregoing alleged actions of Defendant are enjoined, NewYork Media will continue to suffer irreparable injury and damage. Accordingly, Plaintiff should be awarded preliminary and permanent injunctive relief, treble damages, and costs, including reasonable attorneys' fees, under RCW § 19.86.090.

WHEREFORE, Plaintiff demands:

1.      That Defendant, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained:

(a)     From using in any manner the CUT mark alone or in combination with any other words or designs, in any manner likely to cause confusion, deception, or mistake on or in connection with advertising or distribution of any fashion, beauty, or women's lifestyle-related content not produced by New York Media, or not authorized by New York Media to be distributed in connection with its marks, including the THE CUT Trademarks

(b)     From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendant, or any of its goods, are authorized or sponsored by New York Media; and

(c)     From infringing or diluting New York Media's THE CUT Trademarks;

2.      That Defendant be ordered to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunctive relief prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the injunction;

COMPLAINT - 14
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

3. That Defendant be required to account to Plaintiff for any and all profits derived by it, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein, and that such amount be trebled;

4. That Plaintiff be awarded all other damages, including exemplary damages, to the fullest extent available under federal and/or state law;

5. That Plaintiff be awarded both pre-judgment and post-judgment interest on each and every damage award;

6. That Plaintiff have and recover from Defendant, Plaintiff's reasonable attorneys' fees, costs, and disbursements of this action, including without limitation pursuant to 15 U.S.C. § 1117 and the Washington Consumer Protection Act;

7. That Plaintiff have leave to amend these claims to conform to proof later discovered, pled, or offered; and

8. That Plaintiff have such other further relief as the Court may deem just and proper.

COMPLAINT - 15
CASE NO.: 2:15-cv-1214

KELLEY, GOLDFARB,
HUCK & ROTH, PLLC
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

1  DATED this 31st day of July, 2015.

2

3                                    **KELLEY, GOLDFARB, HUCK & ROTH, PLLC**

4     *s/ Michael A. Goldfarb*
      Michael A. Goldfarb,   WSBA No. 13492
5     *s/ Christopher M. Huck*
      Christopher M. Huck,   WSBA No. 34104
6     *s/ Kit W. Roth*
      Kit W. Roth,           WSBA No. 33059
7     *s/ R. Omar Riojas*
      R. Omar Riojas,        WSBA No. 35400
8

9     700 Fifth Avenue, Suite 6100
      Seattle, WA 98104
10    Telephone:    (206) 452-0260
      Facsimile:    (206) 397-3062
11    E-mail:       goldfarb@kdg-law.com
                    huck@kdg-law.com
12                  roth@kdg-law.com
                    riojas@kelleygoldfarb.com
13

14    **MOSES & SINGER LLP**

15    *s/ Philippe Zimmerman*
      Philippe Zimmerman,   NYBA No. 2497204
16    (*pro hac vice to be applied*)
      The Chrysler Building
17    405 Lexington Avenue
      New York, NY 10174-1299
18    Telephone:    (212) 554-7895
      Facsimile:    (917) 206-4395
19    E-mail:       PZimmerman@MosesSinger.com

20
      Attorneys for Plaintiff
21    New York Media LLC

22

23

24

25

26

COMPLAINT - 16
CASE NO.: 2:15-cv-1214

**KELLEY, GOLDFARB, HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062

# DEMAND FOR JURY TRIAL

Plaintiff, New York Media LLC, hereby demands trial by jury of all issues so triable.

Dated: July 31, 2015

        **KELLEY, GOLDFARB, HUCK & ROTH, PLLC**

*s/ Michael A. Goldfarb*
Michael A. Goldfarb,   WSBA No. 13492
*s/ Christopher M. Huck*
Christopher M. Huck,   WSBA No. 34104
*s/ Kit W. Roth*
Kit W. Roth,            WSBA No. 33059
*s/ R. Omar Riojas*
R. Omar Riojas,        WSBA No. 35400

700 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone:   (206) 452-0260
Facsimile:   (206) 397-3062
E-mail:      goldfarb@kdg-law.com
             huck@kdg-law.com
             roth@kdg-law.com
             riojas@kelleygoldfarb.com

**MOSES & SINGER LLP**

*s/ Philippe Zimmerman*
Philippe Zimmerman,   NYBA No. 2497204
(*pro hac vice to be applied*)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299
Telephone:   (212) 554-7895
Facsimile:   (917) 206-4395
E-mail:      PZimmerman@MosesSinger.com

Attorneys for Plaintiff
New York Media LLC

COMPLAINT - 17
CASE NO.: 2:15-cv-1214

**KELLEY, GOLDFARB, HUCK & ROTH, PLLC**
700 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 452-0260
FAX: (206) 397-3062